**Michael SHAVERS, Plaintiff–Appellant,**

v.

**Richard STAPLETON, et al., Defendants–Appellees.**

No. 03–2210.

United States Court of Appeals, Sixth Circuit.

June 9, 2004.

Michael Shavers, Carson City, MI, pro se.

Before SILER and GIBBONS, Circuit Judges; and REEVES, District Judge.[*]

## ORDER

Michael Shavers appeals pro se from a district court judgment that dismissed his civil rights action filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Shavers alleged that the defendants failed to adequately investigate a charge that he had assaulted another inmate in a Michigan prison and that they failed to provide him with a fair hearing on that charge. Thus, he alleged that he was convicted of a major misconduct violation for assault and battery, which resulted in his reclassification to administrative segregation and his placement in disciplinary detention for thirty days. The district court dismissed Shavers's case *sua sponte* on August 18, 2003, and it is from that judgment that he now appeals.

We review the dismissal of this case *de novo*. *See Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir.2001). Dismissal was appropriate because Shavers did not raise a cognizable civil rights claim. *See* 28 U.S.C. § 1915A(b)(1).

The district court properly dismissed the case because a favorable resolution of Shavers's claims would necessarily imply that his misconduct conviction was invalid and he did not show that the conviction had been reversed or overturned by an appropriate tribunal. *See Edwards v. Balisok*, 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). Therefore, his claims were not cognizable under 42 U.S.C. § 1983, as a favorable resolution of them would have affected the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

Shavers now argues that *Edwards* is not applicable because he was not expressly sanctioned with the loss of good-time credits. However, Shavers was statutorily precluded from earning disciplinary or good-time credits during the month in which he was convicted of the misconduct charge. *See* Mich. Comp. Laws § 800.33(5) (2002). Thus, the district court's reliance on *Edwards* was consistent with the Supreme Court's recent decision in *Muhammad v. Close*, 540 U.S. 749, 124 S.Ct. 1303, 1306, 158 L.Ed.2d 32 (2004).

The district court also found that several defendants were entitled to absolute immunity. Shavers argues that the defendants were not immune because they acted outside the scope of their authority by violating his rights. We need not reach this issue because all of Shavers's claims were properly resolved by the court's reliance on *Edwards*.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

[*] The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.